484 P.2d 1070

Moeses H. ROBINSON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Iben-Felton Contracting Company, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 529.

Court of Appeals of Arizona, Division 1, Department B.

May 17, 1971.

Westover, Keddie & Choules by Douglas S. Stanley, Yuma, for petitioner.

William C. Wahl, Jr., Phoenix, for respondent The Industrial Comm. of Arizona.

Robert K. Park, Chief Counsel by Ronald M. Meitz, Phoenix, for respondent carrier State Compensation Fund.

EUBANK, Judge.

The petitioner brings this writ of certiorari to test the lawfulness of an award and findings of The Industrial Commission of Arizona which denied his petition for rehearing of the award for unscheduled permanent partial disability issued February 25, 1970, finding that the petitioner suffered a 10% general physical functional disability with no loss of earning capacity.

The petitioner raises two issues:

No. 1. Was his average monthly wage correctly set?

No. 2. Was he improperly denied a second hearing, after he had employed counsel?

Directing our attention to question No. 1, the petitioner's average monthly wage was established in an award dated August 20, 1968, which was not protested. The award became *res judicata* as to the issue of average monthly wage. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969). There are exceptions to the rule in Talley, but in our opinion the facts in the instant case do not bring it within any of the exceptions.

The petitioner proceeded to a formal hearing on the question of loss of earning capacity *in propria persona.* We have reviewed the transcript of that hearing, and find nothing there, or in the arguments urged by counsel, which would warrant setting the award aside for a second hearing. The Fund put on evidence in the form of testimony by the petitioner's foreman, and by the Company's bookkeeper, to the effect that the petitioner was physically able to perform general construction labor for a 40-hour week at $3.93 an hour.

The evidence revealed that the petitioner had been laid off due to an economic recession, and not because of any physical disability. It is the opinion of the Court that the evidence adduced at the hearing meets the "open labor market" test set forth in Sproul v. Industrial Commission, *91 Ariz. 128, 370 P.2d 279 (1962),* and we find no abuse of discretion in the Commission's denial of additional hearings.

The award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.